**John D. Ostrander, OSB No. 87394**
 Direct Dial: (503) 224-7656
 Facsimile: (503) 224-7819
 Email: john@eoplaw.com
**William A. Drew, OSB No. 95253**
 Direct Dial: (503) 224-3461
 Facsimile: (503) 224-7819
 Email: bill@eoplaw.com
**ELLIOTT, OSTRANDER & PRESTON, P.C.**
707 SW Washington Street, Suite 1500
Portland, Oregon 97205

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| **FOUNDATION FITNESS PRODUCTS, LLC**, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**FREE MOTION FITNESS**, a foreign corporation,<br><br>Defendant. | Civil No. 3:15-CV-564-SB<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff Foundation Fitness Products, LLC ("Plaintiff" or "FFP") alleges:

**JURISDICTION AND VENUE**

1.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds the sum of $75,000.

2.

Venue in the present judicial district is proper pursuant to 28 USC § 1391(b)(2) because a substantial portion of the events giving rise to Plaintiff's claims occurred here, and because Defendant was subject to personal jurisdiction in this District at the time this action was commenced.

## PARTIES

3.

At all material times, FFP was and is an Oregon corporation. FFP is a commercial fitness equipment distributor, and a creator of commercial indoor bikes and power output measurement products for indoor and outdoor bikes

4.

At all material times, Defendant was and is a Utah corporation. Defendant manufactures and sells commercial fitness equipment. At all material times, Defendant is a wholly owned subsidiary of ICON Health and Fitness, Inc. ("ICON"). At all material times, Matthew N. Allen ("Matt Allen") was the chief operating officer of Defendant and ICON. Upon information and belief, he has acted in the course and scope of his employment with Defendant and ICON in directing and managing and directing Defendant.

## GENERAL ALLEGATIONS

5.

On or about September 3, 2010, FFP and Defendant negotiated and entered into a Supply Agreement (hereinafter "Supply Contract").

6.

In the Supply Contract, FFP agreed to supply specific indoor cycling bicycles (hereinafter "Product") on an exclusive basis, and Defendant agreed to timely order and pay for the Product and to be FFP's distributor of the Product. In exchange for the exclusive Supply Contract, FFP granted Defendant the exclusive right to market the Product and restricted FFP's ability to compete.

7.

On or about March 2012, FFP and Defendant entered into an Agreement (also entitled "Supply Agreement") whereby FFP would manufacture certain specific indoor cycling bicycles for the benefit of Defendant (hereinafter "TDF Contract").

8.

In the TDF Contract, FFP agreed to manufacture certain specific indoor cycling bicycles (hereinafter "TDF bikes") for the benefit of Defendant, and Defendant agreed to purchase minimum quantities of the TDF bikes from FFP.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

9.

For its First Claim, Plaintiff realleges and incorporates the allegations of paragraphs 1-8.

**Count 1**
**(Supply Contract)**

10.

Defendant has materially and repeatedly breached the Supply Contract.

11.

FFP has performed all conditions and requirements of the Supply Contract required on its part to be performed.

12.

As a result of Defendant's breaches, FFP has suffered damages in an amount to be proved at trial, but in the approximate amount of $7,500,000, together with the loss of prejudgment interest at the legal rate from the date of its losses until paid.

### Count 2
### (TDF Contract)

13.

Defendant has materially and repeatedly breached the TDF Contract by, among other things, failing to order and pay for minimum quantities of TDF bikes.

14.

Pursuant to the TDF Contract, on December 31, 2014, Defendant was invoiced approximately $1,087,261 for amounts due under the TDF Contract for Defendants failure to order and pay for minimum quantities of the TDF bikes.

15.

Defendant refused to pay any part of the $1,087,261 invoice. Defendant has also unequivocally expressed its intention that it will not pay any future anticipated amounts owed under the TDF Contract.

16.

As a result of Defendant's failure to pay the amount owed, Plaintiff has been damaged in the amount of $1,087,261, together with prejudgment interest at the statutory rate.

17.

As a result of Defendant's actual and anticipatory breaches, FFP has suffered and will continue to suffer damages in the sum of $6,936,451 together with prejudgment interest at the statutory rate.

## SECOND CLAIM FOR RELIEF
(Breach of Covenant of Good Faith and Fair Dealing)

18.

Plaintiff realleges its First Claim for Relief including matters realleged therein.

19.

Defendant additionally breached the implied covenant of good faith and fair dealing in its contracts with FFP by engaging in tactics and practices that, while not specifically or expressly addressed in the contracts, are clearly inconsistent with the spirit and intent of the agreements, as follows:

a. Defendant instituted a late payment practice, whereby Defendant made payments to FFP regularly and consistently outside of agreed contract terms. After repeated requests for timely payment, Matt Allen's staff informed FFP that pursuant to Matt Allen's direction: "We don't pay anyone in 60 days, and they should not have written that in your agreement."

b. Defendant made up false warranty/customer services charges, and unilaterally "deducted" nearly $500,000 of such false charges from payments owed to FFP, and still holds $359,735 of unilateral deductions which have not been adequately supported. The false deductions included multiple duplicate deductions, and deductions for treadmill belts, video monitors, and other items having nothing to do with the products FFP provided to Defendant. When asked to provide reasons to support Defendant's unilateral decision to keep clearly unwarranted deductions, Defendant's staff replied, in part: "that's Matt [Allen] being Matt [Allen]". When Matt Allen was questioned, he said "that's your problem." After nearly one year of providing irrefutable proof that the deductions were unauthorized and false, Defendant agreed to return to FFP part of the sums deducted.

c. Defendant used made up warranty/customer service deductions as an excuse to falsely claim that FFP products failed to comply with its contractual obligations. When

FFP questioned a notice received from Matt Allen relating to FFP's products not meeting quality standards, other employees of Defendant: (i) frankly acknowledged on multiple occasions that "there is no quality issue", (ii) indicated that Matt Allen was misrepresenting the facts in an attempt to gain advantage over FFP, and that (iii) Matt Allen had directed the activity because, in his words, "the vendors need to contribute more."

d.      Defendant withheld payments due to FFP on account of its policy to always withhold payment in order to maintain "leverage." In February 2014, Defendant withheld payment on an invoice for several months past its due date simply because the invoice was the last invoice outstanding at the time. When challenged, Matt Allen's direct report in Defendant's finance department admitted that there was no legitimate ground to withhold payment, but that he was directed to do so because of Defendant's "policy" to withhold payment because "if we pay, we will no longer have leverage."

e.      Defendant (through Matt Allen) fabricated deadlines for information, meetings and other requirements when questioned about its non-payment and other practices.

f.      Defendant cancelled purchase orders without notice, and after bikes were already manufactured. Defendant ordered four containers of bikes (200 bikes / container), but after the product was manufactured, Matt Allen cancelled the purchase order.

g.      Defendant contacted FFP's vendors / suppliers in order to circumvent and undermine FFP's relationship with its vendors / suppliers.

h.      As part of a pattern of "dirty tricks", Defendant repeatedly and falsely told its customers / other third-parties that FFP had unilaterally changed contract terms, failed to deliver product on a timely basis, and failed to answer telephone or other inquiries.

i.      On multiple occasions, Defendant drained FFP's staff time and resources with protracted "make-work" to iron out disputes and problems between the parties that Matt Allen had no genuine intention to address or resolve. During those sessions, Defendant's

staff frequently sought to excuse Matt Allen's mercurial behavior and irrational conduct (even though severe and protracted, and whether or not ultra vires) as mere overwrought "emotional" outbursts (Matt Allen's "wrath"). After FFP spent extensive time and resources toward resolving problems, at the last moment, Matt Allen repeatedly would simply nullify potential accords for no obvious reason. The cumulative effect of Defendant's serial misconduct, together with Defendant's false and indirectly hostile dispute resolution gambits, was anticompetitive and in violation of the good faith performance of the parties' contracts.

20.

Upon information and belief, through Defendant's contractual breaches, its bad faith misconduct, and its pattern of engaging in "dirty tricks" and making improper and unwarranted threats, Defendant wrongly seeks to eliminate FFP as a competitor in the relevant markets, destroy FFP's business, and to misappropriate FFP's intellectual property and vendor / supplier relationships.

21.

As a direct and proximate result of Defendant's breaches and its bad faith misconduct, FFP has incurred damages, including lost profits and increased costs in an amount to be proved at trial, but in no event less than $7,500,000. Plaintiff is entitled to prejudgment interest at the legal rate from the date of its losses until paid.

### THIRD CLAIM FOR RELIEF
(Tortious Interference with Business Relations / Economic Advantages)

22.

Plaintiff realleges its First and Second Claims for Relief including matters realleged therein.

23.

At all material times, Defendant knew of FFP's business relationships with its vendors and suppliers. These relationships included highly valuable and sought after relationships with overseas manufactures. In violation of the parties' contracts, Defendant intentionally interfered with those relationships. In so doing Defendant acted out of malice or used improper or illegal means to do so.

24.

Upon information and belief, Defendant's wrongful interference was intended to eliminate FFP as a competitor in the relevant markets (in the words of one principal, "[Matt Allen] doesn't want you to be able to compete in the market against us"), destroy FFP's business, and to misappropriate FFP's intellectual property and vendor / supplier relationships, causing FFP damages in an amount to be proved at trial, but in no event less than $10,000,000.

**FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment – Constructive Trust/Accounting)**

25.

Plaintiff realleges its First through Third Claims for Relief including matters realleged therein.

26.

In its continued breaches, coupled with its bad faith misconduct, Defendant seeks to eliminate FFP as a competitor in the relevant market, destroy FFP's business, and to misappropriate FFP's intellectual property and vendor relationships. As a result of its scheme, Defendant will be unjustly enriched in the amount of its profits, which at present are unknown to plaintiff and which continue to accrue.

27.

Defendant should be required to account for the profits it wrongly makes in violation of the parties' contracts and its own bad faith misconduct, and the Court should impose a constructive trust thereon.

### **FIFTH CLAIM FOR RELIEF**
### (Declaratory Relief)

28.

Plaintiff realleges its First through Third Claims for Relief including matters realleged therein.

29.

FFP requests a declaration setting forth the rights and obligations of the parties under the Supply Contract, specifically including that pursuant to section 4A(iv) of the Supply Contract that Plaintiff's obligations under Section 2 and 14B(iv) of the contract have been terminated.

30.

FFP requests a declaration setting forth the rights and obligations of the parties under the TDF Contract.

\* \* \*

WHEREFORE, Plaintiff Foundation Fitness Products, LLC requests judgment against Defendant Free Motion Fitness as follows:

1.      On its First Claim for Relief, Count 1, for judgment in the amount of $7,500,000 with interest thereon at the legal rate from the date of loss until paid. On its First Claim for Relief, Count 2, for judgment in the approximate amount of $6,936,451 with interest thereon at the legal rate from the date of loss until paid.

2. On its Second Claim for Relief, for judgment in the amount of $7,500,000 with interest thereon at the legal rate from the date of loss until paid.

3. On its Third Claim for Relief, for judgment in the amount to be determined at trial, but not to exceed the sum of $10,000,000.

4. On its Fourth Claim for Relief, requiring Defendant to account to FFP for its profits and imposing a constructive trust on those profits in favor of Plaintiff.

4. On its Fifth Claim for Relief, for a declaratory judgment in Plaintiff Foundation Fitness Products, LLC's favor

5. For plaintiff's costs and disbursements incurred herein. And,

6. For such further relief as the Court deems just and equitable.

DATED this ___ day of June, 2015.

                                  ELLIOTT, OSTRANDER & PRESTON, P.C.

                                  By ___/s/ John D. Ostrander_____
                                      John D. Ostrander, OSB No. 87394
                                      Of Attorneys for Plaintiff

PAGE 10 - SECOND AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **SECOND AMENDED COMPLAINT** on the following parties on June 3, 2015, by the Federal Court ECF system:

Anna Sortun
Tonkon Torp LLP
888 SW 5th Ave Ste 1600
Portland OR  97204
E-Mail: anna.sortun@tonkon.com

Terry E. Welch
Parr Brown Gee & Loveless
101 South 200 East, Suite 700
Salt Lake City, UT 84111
E-Mail: twelch@parrbrown.com

ELLIOTT, OSTRANDER & PRESTON, P.C.

By ___/s/ John D. Ostrander_____
John D. Ostrander, OSB No. 87394
William A. Drew, OSB No. 95253
Of Attorneys for Plaintiff